UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

<u>MARILYN POWELL #14972074</u>,

       Plaintiff,

v.                                         3:07-cv-350

<u>DONNY M. YOUNG</u>,

       Defendant.

## **MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff was convicted in this court of three counts of making false, fictitious, or fraudulent claims against the United States. She was sentenced to concurrent prison terms

of 48 months. She has now filed a complaint against her appointed counsel, Donny M. Young, and alleges that his representation of her in the criminal proceeding was deficient. She seeks compensatory and punitive damages based upon his alleged ineffective assistance of counsel.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that she was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). The courts have uniformly held that neither a public defender nor a private attorney, whether appointed or retained, acts under color of law or is otherwise subject to suit under 42 U.S.C. § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968).

Plaintiff has stated at best a claim of attorney malpractice, and the proper forum for that would be the Tennessee state courts. Pursuant to 28 U.S.C. § 1367(c)(3), this court declines to exercise supplemental jurisdiction over any pendent state claims which the plaintiff may have.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and,

therefore, the court finds her claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle her to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the U.S. Marshals Service as a federal prisoner, she is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where she now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order, and accompanying Judgment Order, to the Warden of the Alderson Federal Prison Camp in Alderson, West Virginia, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**ENTER:**

    s/ Thomas W. Phillips
    United States District Judge